IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE LEMUS HERNANDEZ and<br>KARLA LOPEZ DE LEMUS, W/H<br>-and-<br>K.L.L., a minor, by and through her parent and<br>natural guardian, JOSE LEMUS HERNANDEZ<br>*Plaintiffs*<br>v.<br><br>JOSEPH REED BURGESS III<br>*Defendant* | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br>**ARBITRATION CASE** |

## CIVIL ACTION COMPLAINT

**I.  PRELIMINARY STATEMENT**

1. This is a claim against Defendant for personal injuries and loss of consortium caused to Plaintiffs, Jose Lemus Hernandez and Karla Lopez de Lemus, h/w, and Plaintiff, K.L.L, a minor, by and through her parent and natural guardian, Jose Lemus Hernandez, as a result of the negligent acts and/or omissions of the Defendant, Joseph Reed Burgess, III.

**II.  PARTIES**

2. Plaintiffs, Jose Lemus Hernandez and Karla Lopez de Lemus, h/w, are adult individuals and citizens of the State of Maryland, residing therein at 110 United Court, Smithsburg, MD 21783.

3. Plaintiff, K.L.L, was a minor at the time of the accident with a date of birth of August 11, 2011. At all times material and relevant herein, the minor Plaintiff was eleven (11) years of age and a citizen and resident of the State of Maryland, residing with her parents and guardians, Plaintiffs Jose Lemus Hernandez and Karla Lopez de Lemus, therein at 110 United Court, Smithsburg, MD 21783.

4. Defendant, John Reed Burgess, III, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 106 West Main Street, Fairfield, PA 17320.

5. At all times relevant hereto, Defendant, Jospeh Reed Burgess, III, owned, leased, possessed, maintained, controlled, and/or operated a certain 2018 Honda HRV with Pennsylvania license plate #JCD0778, which was involved in the motor vehicle accident hereinafter described.

6. On or about February 26, 2023, Plaintiff, Jose Lemus Hernandez, was operating a certain 2022 Toyota 4Runner motor vehicle with Maryland license plate #9FB9521, which was traveling on Washington Township Boulevard in Waynesboro, Pennsylvania and which was involved in the motor vehicle accident hereinafter described.

7. On or about February 26, 2023, minor Plaintiff, K.L.L, was a front seat passenger in the aforementioned motor vehicle owned and operated by Plaintiff, Jose Lemus Hernandez, which was traveling on Washington Township Boulevard in Waynesboro, Pennsylvania and which was involved in the motor vehicle accident hereinafter described.

### III.   JURISDICTION AND VENUE

8. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the incident giving rise to Plaintiffs' claims occurred within the district.

## COUNT I
### JOSE LEMUS HERNANDEZ v. JOSEPH REED BURGESS, III
### NEGLIGENCE

11. Plaintiffs hereby incorporate by reference paragraphs one (1) through ten (10) of the within Complaint as though the same were fully set forth at length herein.

12. On or about February 26, 2023, Plaintiff, Jose Lemus Hernandez was lawfully operating the aforesaid 2022 Toyota 4Runner motor vehicle in which the minor Plaintiff, K.L.L., was a passenger, on Washington Township Boulevard in Waynesboro, Pennsylvania, and was waiting to make a left turn when, suddenly and without warning, the aforesaid vehicle owned and operated by Defendant, Joseph Reed Burgess, III, negligently proceeded without adequate clearance and violently struck the driver's side of the Plaintiff's vehicle with such force so as to cause Plaintiffs to sustain severe and permanent injuries as described more fully hereinafter.

13. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe and careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Jose Lemus Hernandez, more specifically, proceeding without adequate clearance to do so and striking the driver side of Plaintiff's vehicle;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of other vehicles upon the highway, including the Plaintiff's vehicle;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the highway;

(i) failing to prevent the aforesaid motor vehicle from striking the Plaintiff's vehicle;

(j) otherwise failing to exercise due and proper care under the circumstances; and

(k) violating various ordinances and statutes pertaining to the operation of motor vehicles.

14. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendant and was due in no manner to any act or failure to act on the part of the Plaintiff.

15. By reason of the aforesaid negligence of the Defendant, Plaintiff, Jose Lemus Hernandez, has suffered severe and permanent injuries including, but not limited to: various injuries to the right shoulder, possible nondisplaced fracture of the acromial end of the right clavicle, left shoulder injury, and knee injuries, as well as aches, pains, mental anxiety, anguish, and severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which his in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

16. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

17. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

18. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which he claims damages herein.

19. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

20. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

21. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

22. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

23. Plaintiff in no manner contributed to his injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

24. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Jose Lemus Hernandez, demands judgment in his favor and against Defendant, Joseph Reed Burgess III, in an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and any such other relief as the Court deems adequate, just and proper.

### COUNT II
### K.L.L., A MINOR, BY AND THROUGH HER PARENT AND NATURAL GUARDIAN JOSE LEMUS HERNANDEZ v. JOSEPH REED BURGESS III
### NEGLIGENCE

25. Plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-four (24) of the within Complaint as though the same were fully set forth at length herein.

26. On or about February 26, 2023, Plaintiff, Jose Lemus Hernandez was lawfully operating the aforesaid 2022 Toyota 4Runner motor vehicle in which the minor Plaintiff, K.L.L., was a passenger, on Washington Township Boulevard in Waynesboro, Pennsylvania, and was waiting to make a left turn when, suddenly and without warning, the aforesaid vehicle owned and operated by Defendant, Joseph Reed Burgess, III, negligently proceeded without adequate clearance and violently struck the driver's side of the Plaintiff's vehicle with such force so as to cause Plaintiffs to sustain severe and permanent injuries as described more fully hereinafter.

27. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe and careless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the minor Plaintiff, K.L.L., more specifically, proceeding without adequate clearance to do so and striking the driver side of the vehicle in which Plaintiff was a passenger;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of other vehicles upon the highway, including the vehicle in which Plaintiff was a passenger;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the highway;

(i) failing to prevent the aforesaid motor vehicle from striking the vehicle in which Plaintiff was a passenger;

(j) otherwise failing to exercise due and proper care under the circumstances; and

(k) violating various ordinances and statutes pertaining to the operation of motor vehicles.

28.  The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendant and was due in no manner to any act or failure to act on the part of the Plaintiff.

29.  By reason of the aforesaid negligence of the Defendant, minor Plaintiff, K.L.L., has suffered severe and permanent injuries including, but not limited to, various injuries to her legs and arms, as well as aches, pains, mental anxiety, anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which her in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

30. As a further result of the motor vehicle accident described herein, minor Plaintiff and/or her parents and natural guardians have been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

31. As a further result of the motor vehicle accident described herein, minor Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

32. As a direct and reasonable result of the aforementioned motor vehicle accident, minor Plaintiff and/or her parents and natural guardians may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

33. Further, by reason of the aforesaid occurrence, minor Plaintiff and/or her parents and natural guardians have incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure minor Plaintiff of the injuries sustained in the aforesaid accident.

34. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

35. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

36. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

37. Plaintiff in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

38. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, K.L.L., demands judgment in her favor and against Defendant, Joseph Reed Burgess III, in an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and any such other relief as the Court deems adequate, just and proper.

## COUNT III
## KARLA LOPEZ DE LEMUS v. JOSEPH REED BURGESS
## LOSS OF CONSORTIUM

39. Plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-eight (38) of the within Complaint as though the same were fully set forth at length herein.

40. As a further result of the incident described herein, Plaintiff, Karla Lopez de Lemus, has suffered the loss of earnings, society, consortium, and services of her husband, Plaintiff Jose Lemus Hernandez, to which she is legally entitled.

41. As a further result of the incident described herein, Plaintiff, Karla Lopez de Lemus, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendants' negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Karla Lopez de Lemus, demands judgment against Defendant, Joseph Reed Burgess, in an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and any such other relief as the Court deems adequate, just and proper.

Respectfully,

**SWARTZ CULLETON PC**

By: /s/ Brandon A. Swartz
Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557
bswartz@swartzculleton.com
bferris@swartzculleton.com

*Attorneys for Plaintiffs*,
Jose Lemus Hernandez and
Karla Lopez de Lemus, w/h and
K.L.L. p/n/g Jose Lemus Hernandez

Date: September 22, 2023

## VERIFICATION

I, _Jose Lemus H_, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_Jose Lemus_